**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| PAUL R. GREGORY, #02022541, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 6:26-cv-035-JDK-JDL |
| | § | |
| WARDEN FNU LNU, et al., | § | |
| | § | |
| Defendants. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Paul R. Gregory, an inmate of the Texas Department of Criminal Justice proceeding pro se and *in forma pauperis*, filed this civil rights lawsuit alleging violations of his constitutional rights in prison. Docket No. 1. The case was referred to United States Magistrate Judge John D. Love for findings of fact, conclusions of law, and recommendations for the disposition of the case.

On February 10, 2026, the Magistrate Judge issued a Report recommending that the case be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B). Docket No. 9. A copy of this Report was sent to Plaintiff. No written objections were filed within the prescribed period.

This Court reviews the findings and conclusions of the Magistrate Judge de novo only if a party objects within fourteen days of the Report and Recommendation. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc), *superseded on other*

1

*grounds by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Here, Plaintiff did not object in the prescribed period.  Rule 72(b)(2) of the Federal Rules of Civil Procedure requires written objections to a magistrate's findings and recommendations to be filed within 14 days.  Objections to the Report were due on February 25, 2026.  Plaintiff filed a motion for extension of time to file objections to the Magistrate's Report and Recommendation on March 5, 2026.  Docket No. 13.  His motion provides no explanation for his failure to timely seek an extension of the objection deadline before it expired.  Rather, Plaintiff indicates that the sole purpose of an extension would be to locate Defendant Davis "so the court can communicate with him."  Docket No. 13 at 1.  Plaintiff, therefore, has failed to demonstrate any excusable neglect that would justify an extension.

The Court therefore reviews the Magistrate Judge's findings for clear error or abuse of discretion and reviews his legal conclusions to determine whether they are contrary to law.  *See United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir. 1989), *cert. denied,* 492 U.S. 918 (1989) (holding that, if no objections to a Magistrate Judge's Report are filed, the standard of review is "clearly erroneous, abuse of discretion and contrary to law.").

Having reviewed the Magistrate Judge's Report and the record in this case, the Court finds no clear error or abuse of discretion and no conclusions contrary to law.  Accordingly, the Court hereby **ADOPTS** the Report and Recommendation of the United States Magistrate Judge (Docket No. 9) as the findings of this Court.  This

case is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.  Plaintiff's motion for extension (Docket No. 13) is **DENIED** as futile, and any other pending motions are **DENIED** as **MOOT**.

So **ORDERED** and **SIGNED** this **12th** day of **March, 2026.**

JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE

3